## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

Name **Preston Taylor**                           1:17-Cv-290-WSN

Prison Number **0569337**

Place of Confinement **Mobile County Metro Jail**

Action No. _____
(To be supplied by Clerk of U. S. District Court)

**Preston Jerome Taylor**                          (PETITIONER)
(Full name under which you were convicted)

v.

**Mobile County Metro Mail**                       (RESPONDENT)
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

## PETITION FOR WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

### Instructions - Read Carefully

(1)  This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2)  Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3)  Upon receipt of a fee of $5, your petition will be filed if it is in proper order.

(4)  If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis,</u> in which event you must complete the "Motion to Proceed Without Prepayment of Fees and Costs" form mailed to you with this form, and have an authorized officer at the jail or prison complete the attached financial statement. The completed forms must be returned to the federal court clerk in Mobile.

(5)  Only convictions entered by one court at the same time may be challenged in a single petition. If you seek to challenge convictions entered by different courts in the same state or in different states, you must file separate petitions as to each court.

*Revised 4/2014*

(6)  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7)  When the petition is fully completed, the <u>original</u> and <u>two copies</u> must be mailed to the Clerk of the United States District Court whose address is 113 Saint Joseph Street, Mobile, Alabama 36602.

(8)  Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

(9)  You <u>must</u> <u>immediately</u> advise the Court of any change in your address, e.g., if you are released, transferred, moved, etc.  Failure to notify the Court of your new address will result in the dismissal of this petition for failure to prosecute and to obey the Court's order.

## <u>PETITION</u>

1.  Name and location of court which entered the judgment of conviction under attack:  Circuit Court of _____Mobile_____ County, Alabama; Case Number _CC15-5240_

Judge _Sarah Stewart_.  Other court, and case number, if not Circuit Court: _CC15-1341, CC15-5243, DC17-0575, DC-170578, DC17-0979, and any conviction in Texas_

2.  Date of judgment of conviction _See Attached document in entirety_

3.  Length of sentence _"_____"_

4.  Nature of offense involved (all counts) _"_____"_

_____

_____

_____

5.  What was your plea?  (Check one)

   (a)  Not guilty __✓__  district court

   (b)  Guilty __✓_____  circuit court

   (c)  Nolo contendere _____

6.  Kind of trial:  (Check one)

   (a)  Jury _____

*Revised 4/2014*

(b) Judge only _____

7. Did you testify at the trial?  Yes _____  No _____✓_____

8. Did you appeal from the judgment of conviction?  Yes _____  No _✓_____

9. If you did not appeal, explain briefly why you did not: _See Attached in it's_
_entirety_ _____

_____

10. If you did appeal, answer the following:

    (a) Name of court _See Attached in it's entirety_

    (b) Result _____

    (c) Date of result _____

    (d) Did you file a petition for rehearing?

        Yes _____  No __✓___; if yes, what was the result? _____

_____

_____

    When did the court rule on your petition? _____

    (e) Did you file a petition for certiorari?

        Yes _____  No __✓___; if yes, what was the result?_____

_____

_____

    When did the court rule on your petition? _____

11.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions (Rule 20, Rule 32, Error Coram Nobis, Habeas Corpus), applications, or motions with respect to this judgment in any state court?

        Yes __✓_____  No _____

12.    If your answer to 11. was "yes," give the following information:

*Revised 4/2014*

(a)(1) Name of court _Circuit of Alabama, and h.S. supreme_ Date filed _____

   (2) Nature of proceeding (Rule 32, Rule 20, etc.) _See Attache_

_____

   (3) Grounds raised _____

_____

_____

_____

   (4) Did you receive an evidentiary hearing on your petition, application, or motion?

       Yes _____ No _____

   (5) Result _____

   (6) Date of result _____

(b) As to any second petition, application or motion, give the same information:

   (1) Name of court _____ Date filed _____

   (2) Nature of proceeding _____

   (3) Grounds raised _____

_____

_____

   (4) Did you receive an evidentiary hearing on your petition, application, or motion?

       Yes _____ No _____

   (5) Result _____

   (6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

   (1) Name of court _____ Date filed _____

   (2) Nature of proceeding _____

Revised 4/2014

(3)  Grounds raised _____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____  No _____

(5)  Result _____

(6)  Date of result _____

(d)  Did you appeal the result of action taken on any petition, application or motion to the highest state court having jurisdiction?

(1)  First petition, etc.   Yes _____  No _____

Date filed _____  Result _____

Date of result _____

(2)  Second petition, etc.  Yes _____  No _____

Date filed: _____  Result: _____

Date of result _____

(3)  Third petition, etc.   Yes _____  No _____

Date filed _____  Result _____

Date of result _____

(e)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

13.  State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting same.

Caution:  In order to proceed in the federal court, you must first exhaust your state court

remedies as to each ground on which you request action by the federal court.  Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them.  However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds.  If you select one or more of these grounds for relief, you must allege facts.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)  Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I)  Denial of effective assistance of counsel.

(j)  Denial of right of appeal.

A. Ground one: (a) — (d) and possibly (I) see attached for full description

1.  Supporting FACTS (tell your story briefly without citing cases or law): _____

*Revised 4/2014*

2. Did you raise this claim before the state courts on:

Direct appeal:  Yes _____   No _____

Rule 20/32 Petition:  Yes _____   No _____

Error Coram Nobis:  Yes _____   No _____

State Habeas Corpus:  Yes _____   No _____

3. If you did not raise this claim before the state courts, tell why you did not: _____

I see this matter as civil outside of appeals

_____

_____

B. Ground two: _____

_____

1. Supporting FACTS (tell your story briefly without citing cases or law): _____

_____

_____

2. Did you raise this claim before the state courts on:

Direct appeal:  Yes _____   No _____

Rule 20/32 Petition:  Yes _____   No _____

Error Coram Nobis:  Yes _____   No _____

State Habeas Corpus:  Yes _____   No _____

3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

_____

*Revised 4/2014*

C. Ground three _____

_____

    1. Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

       _____

       _____

    2. Did you raise this claim before the state courts on:

    Direct appeal:  Yes _____   No _____

    Rule 20/32 Petition:  Yes _____   No _____

    Error Coram Nobis:  Yes _____   No _____

    State Habeas Corpus:  Yes _____   No _____

    3. If you did not raise this claim before the state courts, tell why you did not: _____

       _____

       _____

       _____

D. Ground four: _____

_____

    1. Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

       _____

       _____

    2. Did you raise this claim before the state courts on:

    Direct appeal:  Yes _____   No _____

    Rule 20/32 Petition:  Yes _____   No _____

    Error Coram Nobis:  Yes _____   No _____

    State Habeas Corpus:  Yes _____   No _____

*Revised 4/2014*

3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

_____

14.   A. Have any of the grounds listed in this present habeas corpus petition ever been raised by you in any other <u>federal</u> habeas corpus petition? Yes _____ No _____. If yes, which grounds? _____

_____

State the name and case number of your previous federal habeas corpus petition: _____

_____

B. Have you previously filed a habeas corpus petition attacking this present conviction in this or any other federal court? Yes _____ No _____. If yes, state the name and case number of your previous federal habeas corpus petition: _____

_____

_____

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes _____ No _____. If yes, name the court:_____

_____

and state the name and case number of the petition or appeal: _____

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _____

_____

9                                                      *Revised 4/2014*

(d)  At sentencing _____

_____

(e)  On appeal _____

_____

(f)  In any post-conviction proceeding _____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding _____

_____

17.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?  Yes _____   No _____

18.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?  Yes _____   No _____

(a)  If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

(b)  And give date and length of sentence to be served in the future: _____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?  Yes _____   No _____

19.  TIMELINESS OF PETITION: This petition is subject to a one-year statute of limitations contained in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d):

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

*Revised 4/2014*

if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If your judgment of conviction became final over one year ago, you must explain, in the space provided below, why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition. _____ See Attached _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

11

*Revised 4/2014*

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____

Signature of Attorney (if any)

_____

Typed or printed name of attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed and delivered to custodial authorities for mailing on _____

_____.

(date)

_____

Signature of Petitioner

*P. O. Box 104, Mobile, AL 36601*

Current mailing address

*and 613 Masterson Avenue Chickasaw, AL 36611*

_____

*Please mail both addresses*

12                                    *Revised 4/2014*

From: Preston Jerome Taylor
To: Texas State Bar, U.S. Supreme court,
Alabama State Bar, United states Federal
court of Appeals, Federal civil suit office

Case no.: CC15-5240
CC15-1341
CC15-5243
DC17-0575
DC17-0578
DC17-0979

Attention: This letter is to inform the States of Alabama and Texas of misconduct in Mobile County AL, and also Harris County Tx. I am directly accusing District Attorney Ashley Rich of injustice by way of implementing a policy known as the "revolving door policy". This takes away a man's right to be considered innocent until proven guilty. I am calling for an investigation into this policy and into possible prejudice against me individually. I am directly accusing the Harris County Sherriff's office of tampering with an official legal document. I have been extradited by Harris County twice now to Mobile County AL. Both times I was priviliged enough to see the original order signed by an Alabama judge, and neither one called for my extradition from Texas. It is possiable that the Harris County District Attornies office may have co-operated with or even ordered this injustice. Either way I am calling for an investigation and accusing Harris County Tx of prejudice against me individually.

I am currently being held in the Mobile County AL, Metro Jail on a case that lacks substance and was wildly exagerated by the Fox Ten and WKRG five news stations. As a result not only have I been frowned upon by my family and community, but I believe it has manipulated the District Attorney's Office here in

Mobile, AL into predetermining guilt baring false witness to my character and maintaining prejudice against me individually.

Enclosed is a copy of the last motion I filed in Mobile County AL Circuit and District Courts, exercising my right to a fast and speedy trial which has not yet been responded to. This is also a notice of intent. I intend on having my convictions for Manufacturing of a Controlled Substance and Escape 2nd overturned in the United States Court of Appeals. I also plan to file a 1983. My reasoning and legal argument towards conclusions are as follows.

Mobile County AL: In 2013 I was the victim of an unwarranted traffice stop which they had no probable cause. There was an unlawful search and seizure from which Analog Marijauna was obtained. It was a case of constructive possession, and since I was in violation of a misdemeanor probation order, me and the driver were both incarcerated. He made bond and I had to serve out a sentence before I did the same. Once we reappeared in court he plead guilty and was awarded probation with a reduced charge. I was offered the same but refused since I was not in possession and the car was not in my name, and my friend had already admitted guilt. The District Attorney's office refused to drop the charges and the case was bound

over to the Grand Jury, I do believe their intentions were ill. After about a year, year and a half I got pulled over in a simuliar manner by Sgt. Bruce Harven of the Saraland AL police department. At this time I was asked if my car could be searched based on my arrest record, which you know does not constitute as probable cause. I told him no, so he detained me and asked me a few more times before preforming an illegal search and seizure. I was arrested and charged with the Manufacturing of a Controled Substance 1st degree, and trafficing. No bond was awarded.

The Policy: Anyone charged with a felony must be remanded without Bond when charged with another un-related felony. This policy gives a pretense of being guilty. If I am innocent of one or more of these crimes if not all of them, how can I prepare a defense when I am being held hostage by the system with no bond, serving time as if already convicted?

The Prejudice: They intentionally denied me bond on the possession after revoking it simply because they, A) Had yet to confirm the chemical make-up of the substance in question. B) They definately held a grudge against me for not letting them convict me when they convicted my friend. C) They were trying to force

into pleading out to the class C felonies by way of unlawful imprisonment (which prevailed eventually). D) Had predetermined guilt.

Judge York was the judge on the possession who revoked bond and denied motions on the State's behalf. However Judge Shirling resided over the manufacturing and because the case lacked substance, bonds were issued and reduced in his court room. I missed the birth and 1st birthday of my youngest daughter because of this. Ron Mcban was my attorney on all cases. We were confident in our ability to win.

The Verdict: Eventually I felt pressured into a decision to plea out based on the fact that I had served a substancial amount of time on these crimes already. The deal offered was to drop everything but Manufactoring 2nd and escape 2nd (which was really a breach of trust), if I agreed to plea blind in front of the Honorable Judge Sarah Stewart. Apparantly I was lied to because when ever I am in court now the District Attorney's office says I was convicted of Manufactoring 1st. However I was sentenced to a five split time served, suspended three. All togather I have served somewhere around 21 months day for day on a five year sentence. Which if you would have sent me to prison exceeds both maximum to E.O.S a five year

sentence and the min/max for parole plus an additional 20 months on State Probation. I also had no prior felony convictions.

## My Release:

I was sent from one jail to another. Judge Stewart specifically told my Probation Officer Laura Van Dam in court in front of me that I had to go to another jail, Saraland Jail in Mobile County AL specifically. While I was there my probation was revoked, ~~so when~~ released I diverted futher incarceration by avoiding her office. Since I was already revoked, I knew I was going to jail. So I took it upon myself to spend time with my family before going back. Not long after my release from Saraland, I was taken in on the probation violation and served a whole nother month before I could see a judge and the mistake was corrected. My probation was transfered to the Alabama Board of Pardons and Paroles.

## My Circumstances:

So because of all these things (mainly the false imprisonment and forced conviction). I have experienced many hardships including the loss of my job, vehicle, fiance, and youngest child. I was essentially homeless. My parents were skeptical of my ambitions and because I was subject to homelessness in poorer communities and my background made it extremely

hard to find work. And not to mention my probation office had moved from it's original location so I got lost trying to find the new office every time I tried to report, because it originally didn't have a sign. I was headed for disaster again just by remaining in Mobile AL. I took it upon myself to leave since I had attended pipefitting classes and Houston Tx was paying pipefitters more money, plus my background in Alabama would not be a factor in Texas. I knew I wouldn't get permission and I was facing arrest in Mobile AL. But it was a risk I had to take in order to get my life back on track, and I was hoping to transfer my probation once I was stable. I was also not planning on being anywhere near trouble while I was in Texas. So the thought of extradition never crossed my mind.

## Texas

Harris County Houston Tx: I landed a job in trash removal and demolition three days after I had arrived. Weeks passed as thousand of pipefitters were laid-off due to decrease in oil prices. And the owner of the company I worked for had health issues that revolved around his heart. I decided to seek more dependable employment. I worked with temporary services like Pace-setters for awhile before landing a job as a delivery driver at Domino's Pizza on McKinney St. in down-

town Houston Tx.

Prejudices: I was harrassed by a Metro P.D. Sergeant and served a ticket by him on my way to work. The offense was a Metro Rail offense, when I had yet to be on the platform or cross the tracks that day, the camera footage will prove this. I was harrassed by H.P.D twice which is how I learned about the original extradition order. It called for me to be extradited from Southeastern states which Texas is not. I was falsely accused of fitting the description of a man suspected of killing an eleven year old boy just so they would have an excuse to run my name and keep tabs on me. And it turns out the man was innocent.

After a dispute with my girlfriend in Houston Tx, I called the police for a courtesy ride away from the situation. Cypress P.D. was supposed to respond and they were the closest, but instead a Harris County Sherrif's officer pulled up after an hour and another call later. I was detained and my name was run for no reason. After the officer ran my name he was determined to take me to jail. Until I pointed out that I was only supposed to be extradited from Southeastern states. He looked startled and rattled once he realized that was true. So he made a few phone calls before deciding to take me in front of a judge, while refusing to allow me to

gather my cloths from my home. I was detained for four hours without being booked and brought in front of some judge with some newly produced forms, with a new order of extradition. I witnessed the deputy make a lot of calls and reproduce multiple copies of the same piece of paper and disposing of insufficent copies before court.

Prejudices Continued: The system was manipulated and I was extradited. After I had served a total of around forty five days, I was released by Judge Stewart and told not to return to Texas without permission. I reported and paid $75 to transfer my probation to Texas. I was granted permission from both states to return to Houston Tx.

When I arrived to Houston Tx nothing was as promised or anticipated and as a result I experienced even further hardship. I had reason to believe that I became the target of a false investigation that multiple departments participated in. I sent a letter's to the Mayor's office to volunteer myself for questioning to any department that might be investigating me in order to put an end to it. Houston P.D. was the only department to call and deny any participation. I had a phone stolen as well and I suspected law Enforcement. When I called to make a report I never recieved the case number.

I was swarmed later by four H.P.D officers

inside a Wal-Mart and accused of shoplifting. Yet I had not left the store yet. A speaker was stolen from me, then but I was not charged with shoplifting. Out raged at this, being arrested and my things being stolen, I threatened to express my displeasure to the Chief of Police. That is when they arrested me for tickets and put an investigatory hold on me (which I've never heard of). So that I could not be released after the tickets were handled. The tickets were dealt with the same day but I was forced to remain in jail for three days while they put a theft of property charge on me. While I dealt with that they prepared paper-work to have me extradited again. This time the original copy said only extradite from states that neighbor Alabama, and Texas does not. I even have reason to believe that arrangements were made between Harris County Tx law-enforcement and my probation officer to keep me away from Houston Tx, however Judge Stewart saw fit to release me from my probation.

Conclussion: Two and a half weeks later I was put in Mobile County AL Metro County Jail. I was under duress emotionally and I went to see my sister. I really was dealing with a lot as you can tell. And since the majority of my belongings are in Houston Tx, it was a struggle figuring out how I was going to make it back. But I decided to visit family and friends while

here, also do a little work, visit my daughter in Georgia, and my friend in Minnesota before heading back to Houston Tx. The things I left were probably gone at this point anyway.

I kicked in a door that I thought belonged to my sister due to a misunderstanding and because I had a suspicion that she might have been in trouble. My reason for coming to this conclusion is personal but valid none the less. It also turns out she lived two doors down from the one I kicked in. I was tazzed, beaten, and bleeding all over the back of the police car. They were trying to have people identify me for burglaries in the neighborhood, so I kept my head down in the police car.

Fox 10 and WKRG 5 camera's both rushed me and tried to get information I was in no mood to offer. Before blasting me on the news with 12 to 16 burglaries and possession of a pack of insulin needles. They blamed me for every burglary in the city and made me look like a junkie. These accusations are absurd. I was kept in the back of the police car for at least an hour maybe more, face down while people spun lies about me and tried to identify me for crimes I was not even in town to commit. Nor was I charged with them so why was it on the news? Please read the enclosed motion I am filing a 1983 and seeking justice. This is also a notice of appeal, fast and speedy trial request, and I may even decide it best to try my case with a change of venue.

Preston J. Taylor
P.O. Box 104
Mobile, AL 36601

Hasler
06/22/2017
US POSTAGE $002.40

ZIP 36644
011E12650227

MOBILE P&DC 366

THU 22 JUN 2017 PM

INMATE IN MOBILE CO. JAIL

The United States District Court
113 St. Joseph St.
Mobile, AL 36602

Indigent Legal Mail

Indigent Legal Mail